Harris A. Wolin
Myers Wolin, LLC
100 Headquarters Plaza
North Tower, 6th Floor
Morristown, New Jersey 07960
Telephone:    (973) 401-7159
Email: harris.wolin@myerswolin.com

Attorneys for Plaintiff
Bitro Group Inc.

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BITRO GROUP INC.<br><br>         Plaintiff,<br><br>    v.<br><br>WOLF LIGHTING LLC D/B/A EVERYLITE<br><br>         Defendant. | Case No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Bitro Group Inc., by its undersigned attorneys, as and for its complaint against defendant Wolf Lighting LLC, says:

### THE PARTIES

1.      Plaintiff Bitro is a New Jersey Corporation that maintains its principal place of business at 300 Lodi St., Hackensack, NJ 07601.  Bitro is a leading provider of professional grade LED lighting products.

2.      Upon information and belief, defendant Wolf Lighting LLC d/b/a Everylite ("Everylite") is a limited liability company organized under the laws of Florida, having

principal places of business at 1926 Premier Row, Orlando, FL 32836 and 415 Commerce Lane, Unit 5, West Berlin, NJ 08091.

## JURISDICTION AND VENUE

3. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. §1, *et seq.* This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) and (c).

## THE PATENT-IN-SUIT

5. On August 18, 2015, the United States Patent and Trademark Office ("PTO") duly and legally issued United States Patent No. 9,113,558 B2 ("the '558 patent"), entitled "LED Mount Bar Capable of Freely Forming Curved Surfaces Thereon," to Seong Gon Baik ("Baik"). Baik, in turn, assigned all rights, title, and license in the '558 patent to LEDZONE CO., a foreign corporation in Korea with a business address at 112-20, Tongil-ro 1018, Deokyang-gu, Goyang-si, Kyeonggi-do, Korea ("LEDZONE"). Bitro is an exclusive licensee of all right, title and interest in the '558 patent, including the sole right to sue for infringement, by virtue of a license agreement executed in October of 2015. A true and correct copy of the '558 patent is attached as Exhibit A to this Complaint.

6. Traditional LED tape light strips provide lighting at regular intervals along a linear strip, but are not flexible in the direction of their width. Such LED tape light strips therefore cannot easily be used to provide lighting for custom shapes and letters.

7. The '558 patent describes and claims an LED tape light strip with a unique structure that allows it to be bent in the direction of its width, and is therefore ideal for lighting that must conform to unique shapes.

**PLAINTIFF'S ON-GOING BUSINESS IN THE U.S. UNDER THE '558 PATENT**

8. Bitro has been regularly and continually making, marketing, using and selling LED tape light strips made in accordance with the '558 patent in the U.S. since December of 2012. These activities include, but are not limited to, displaying such patented lighting systems at tradeshows throughout the U.S. and designing and installing such systems for customers.

9. Bitro has found that its uniquely flexible LED tape light strips, as well as installations incorporating the LED tape light strips, actively and successfully attract new customers and retain existing customers, who ultimately engage Bitro for installations incorporating all of Bitro's lighting products and services. As such the Bitro LED tape light strips utilizing the patented technology have become an important and valuable continuing source of business attraction and growth for Bitro.

**INFRINGEMENT BY DEFENDANT**

10. Bitro realleges and incorporates by reference paragraphs 1-9, inclusive, as though fully set forth in this paragraph.

11. Defendant Everylite displays on its website, and in its catalog and on-line catalog, and upon information and belief, sells into this judicial district, its "3D Flex Strip Series" of LED lighting products, as seen at http://everylite.com/products/led-strips/3d-series/

(last viewed on August 8, 2016).  A screen capture is attached as Exhibit B to this complaint and relevant pages of the online catalog are attached as Exhibit C to this complaint.

12. Defendant Everylite has been and is currently infringing the '558 patent in violation of 35 U.S.C. §271 by, among other things, designing, making, importing, using, selling, and/or offering for sale its "3D Flex Strip Series" of LED lighting products in and into the United States, and in this judicial district, that infringe one or more of the claims of the '558 patent.

13. Upon information and belief, these infringing activities of Everylite are causing attraction to Everylite and other Everylite products in the marketplace.  As such, and upon information and belief, by Everylite's display and marketing of products infringing upon the '558 patent, Everylite is attracting and directing customers to itself that would otherwise first be attracted to and seek business with Bitro.

14. Upon information and belief, defendant Everylite transacts business within this district, derives substantial revenues from intra-state and inter-state commerce and has committed tortious acts of patent infringement within this district and also without this district having injurious consequences within this district, and defendant Everylite is otherwise within the jurisdiction of this Court.

15. In particular, upon information and belief, defendant Everylite is selling into this district at least one product that infringes upon Bitro's '558 patent, and/or is actively doing business in this district and thereby is, and has been, regularly availing itself of the benefits of doing business in this district.

16. Due to these infringing activities, Bitro has sustained damages and suffered irreparable harm in and to its existing and prospective business, and will continue to

sustain such damages and irreparable harm unless Everylite is permanently enjoined from infringing the '558 patent.

17. Everylite had knowledge of and willfully, deliberately, and intentionally infringed the claims of the '558 patent, rendering this an exceptional case pursuant to 35 U.S.C. §285, and entitling Bitro to enhanced damages and attorneys' fees, along with a permanent injunction.

## **PRAYER FOR RELIEF**

WHEREFORE, Bitro seeks judgment in its favor and against Everylite as follows:

a. Adjudging and decreeing that Everylite has infringed the '558 patent;

b. Permanently enjoining Everylite, its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with it from infringing the '558 patent;

c. Damages as allowed by law to compensate Bitro for Everylite's infringement, together with prejudgment interest and costs of suit;

d. Adjudging Everylite a willful infringer and awarding Bitro treble damages under 35 U.S.C. §284;

e. Declaring that this is an exceptional case under 35 U.S.C. §285, and awarding reasonable attorneys' fees and expenses to Bitro;

f. Adjudging Everylite an infringer of the '558 patent in violation of 35 U.S.C. §289, and awarding damages to Bitro to the extent of Everylite's total profit;

g. For such other and further relief as the Court may deem just and appropriate.

## **JURY DEMAND**

Bitro requests a jury trial on all issues triable by jury.


Dated: August 16, 2016                    By: /s/ Harris A. Wolin
                                              Harris A. Wolin
                                              **Trial Counsel**
                                              Myers Wolin, LLC

                                              Attorneys for Plaintiff
                                              Bitro Group Inc.